UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Danella Sowe, | Court File No.: 12-CV-3178 (JNE/TNL) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Park Nicollet Health Services and David Ableson, | |
| Defendants. | |

Danella Sowe, Shakopee, MN, *pro se* Plaintiff.

Randi J. Winter, **Felhaber Larson Fenlon & Wogt, PA**, 220 South 6th Street, Suite 2200, Minneapolis, MN 55402, for Defendants.

This matter is before the Court, Magistrate Judge Tony N. Leung, on Defendant's Motion to Dismiss and for a More Definite Statement (ECF No. 9). This motion has been referred to the Magistrate Judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). The Court heard oral argument on August 12, 2013; Plaintiff Danella Sowe appeared *pro se*, and Randi Winter appeared on behalf of Defendants Park Nicollet Health Services ("Park Nicollet") and Dr. David Ableson. Based on the files, records, and proceedings herein, the Court will recommend that Defendant's Motion be granted.

On December 21, 2012, Plaintiff filed the instant suit, asserting employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (ECF No. 1.) Plaintiff captioned the case as "Danella Sowe v. Park Nicollet : David Ableson," but named only Dr. Ableson as a Defendant. (*Id.* at 2.) In the Complaint, Plaintiff asserts that she "believe[s] [she] was subjected to unfair treatment and unfair work conditions based on [her]

1

race." (*Id.* at 5.) Specifically, Plaintiff asserts the following: (1) her supervisor wrote her up for refusing Park Nicollet's request to resign; (2) the operation clinic supervisor would make racist comments towards Plaintiff on a daily basis; (3) one day, Plaintiff's supervisor said to Plaintiff, "You people always make everything big," and when Plaintiff asked what she meant by "you people," her supervisor responded "by saying [Plaintiff] [is] always stirring the pot making trouble;" (4) a co-worker once told her that she looked just like another co-worker, but "more shorter and darker than her;" and (5) the same co-worker walked to the front desk and said very loudly, "Why are you so black today?" (*Id.* at 5-7.) Defendants filed the instant Motion on June 5, 2013, arguing (1) Dr. Ableson should be dismissed as a defendant; and (2) Plaintiff should be required to amend her Complaint to substitute Park Nicollet as the proper defendant.

A complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief; it "must be concise, and it must be clear." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that [she] has the right [she] claims . . . , rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Twombly*, 550 U.S. at 554-57).

In her Complaint, Plaintiff names Dr. Ableson as a defendant in his individual capacity. None of the factual allegations, however, mentions Dr. Ableson by name. There is no indication

whether Dr. Ableson is either of the supervisors referred to in the Complaint. Allegations that fail even to mention the only named defendant are insufficient to nudge Plaintiff's claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570. Even if the complaint contained specific allegations of misconduct on the part of Dr. Ableson, he should still be dismissed as an individual defendant because employees "may not be held individually liable under Title VII." *Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) (citing *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam).

Park Nicollet also requests an order under Rule 12(e) requiring Plaintiff to amend the Complaint to identify Park Nicollet as the proper defendant "because it appears [Plaintiff] intended to name it as a defendant but that she neglected to do so." Def.'s Mem. in Supp. 1, ECF No. 11. At the August 12 hearing, Plaintiff indicated that she was willing to amend her Complaint to remove Dr. Ableson as a defendant and name Park Nicollet as a defendant. Accordingly, based on the above, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion (ECF No. 9) be granted as follows:

1. All claims against Dr. David Ableson in his individual capacity be **DISMISSED**; and
2. Plaintiff be granted 30 days to file an Amended Complaint naming Park Nicollet Health Services as a defendant.

Date:  August 20, 2013                                s/ Tony N. Leung
                                                                  Tony N. Leung
                                                                  United States Magistrate Judge
                                                                  District of Minnesota

                                                                  *Sowe v. Park Nicollet Health Servs. et al.*
                                                                  File No. 12-cv-3178 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 4, 2013**.